OPINION
{¶ 1} Defendant-appellant Phil Mayle appeals his April 18, 2005 sentence in the Muskingum County Court of Common Pleas on one count of trafficking in drugs, with a school specification, and one count of possession of drugs. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE {¶ 2} On May 30, 2003, appellant entered a plea of guilty to one count of trafficking in drugs, with a school specification, in violation of R.C. 2925.03(A)(1), a felony of the fourth degree, and one count of possession of drugs, in violation of R.C. 2925.11(A)(1), a felony of the fifth degree. In exchange, the State recommended he receive a ten month prison sentence, and did not oppose judicial release into the Salvation Army residential drug and alcohol treatment program. The trial court accepted the plea, and ordered a pre-sentence investigation be conducted.
 {¶ 3} On June 30, 2003, the trial court sentenced appellant to five years intensive supervision under community control. The trial court further ordered appellant complete 150 hours of community service and enroll in and successfully complete any drug treatment program required by his probation officer. The trial court informed appellant if he violated the terms and conditions of his community control, the court would impose a prison sentence of 18 months as to count one and 12 months as to count two, with the sentences to be served consecutively.
 {¶ 4} On April 18, 2005, the trial court found appellant violated the terms and conditions of his community control, and sentenced appellant to 18 months on count one and 12 months on count two, ordering the sentences be served consecutively.
 {¶ 5} Appellant now appeals, assigning as sole error:
 {¶ 6} "I. THE SENTENCE IMPOSED UPON DEFENDANT-APPELLANT WAS CONTRARY TO LAW."
 I {¶ 7} Appellant's single assignment of error alleges the trial court erred in imposing the maximum sentence pursuant to R.C. 2929.14(C) without making the necessary findings required by the statute. Appellant further argues the trial court erred in ordering the sentences be served consecutively without making the findings required under R.C. 2929.14(E)(4).
 {¶ 8} The Ohio Supreme Court, in its recent decision inState v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, reviewed Ohio's current sentencing law in light of Blakely v.Washington, 542 U.S. 296, 124 S.Ct. 2538, Apprendi v. NewJersey, 530 U.S. 466, 120 S.Ct. 2348, and Ring v. Arizona
(2002, 536 U.S. 584, 122 S.Ct. 2428, and held as follows:
 {¶ 9} "The following sections, because they either create presumptive minimum or concurrent terms or require judicial factfinding to overcome the presumption, have no meaning now that judicial findings are unconstitutional: R.C. 2929, 14(B), 2929.19(B)(2), and 2929.41. These sections are severed and excised in their entirety, as is R.C. 2929.14(C), which requires judicial factfinding for maximum prison terms, and 2929.14(E)(4), which requires judicial findings for consecutive terms. R.C.2953.08(G), which refers to review of statutory findings for consecutive sentences in the appellate record, no longer applies. We also excise R.C. 2929.14(D)(2)(b) and (D)(3)(b), which require findings for repeat violent offenders and major drug offenders.
 {¶ 10} "This approach conforms to the Geiger standard. Excising the unconstitutional provisions does not detract from the overriding objectives of the General Assembly, including the goals of protecting the public and punishing the offender. See R.C. 2929.11(A). The excised portions remove only the presumptive and judicial findings that relate to "upward departures," that is the findings necessary to increase the potential prison penalty. We add no language and the vast majority of S.B. 2, which is capable of being read and of standing alone, is left in place.
 {¶ 11} "We therefore hold that R.C. 2929.14(B) and (C) and2929.19(B)(2) are capable of being severed. After the severance, judicial factfinding is not required before a prison term may be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant. We further hold that R.C. 2929.14(E)(4) and 2929.41(A) are capable of being severed. After the severance, judicial factfinding is not required before imposition of consecutive prison terms. Finally, we hold that R.C. 2929.14(D)(2) and (3) are capable of being severed. After the severance, judicial factfinding is not required before imposition of additional penalties for repeat violent offender and major drug offender specifications. The appellate statute R.C. 2953.08(G), insofar as it refers to the severed sections, no longer applies.
 {¶ 12} "Accordingly, we have concluded that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."
 {¶ 13} In the case sub judice, the trial court based appellant's sentence on unconstitutional statutes; therefore, the sentence is deemed void per Foster. As a result, appellant's April 18, 2005 sentence is vacated and this matter remanded to the trial court for a new sentencing hearing in accordance withFoster, supra.
Hoffman, J. Wise, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the sentence entered by the Muskingum Court of Common Pleas is vacated and this matter is remanded to the trial court for a new sentencing hearing pursuant to the law and our opinion. Costs assessed to appellee.